# IN THE COURT OF APPEALS OF IOWA

No. 22-0845
Filed February 8, 2023

**WATERLOO COMMUNITY SCHOOL DISTRICT and UNITED WISCONSIN INSURANCE COMPANY,**
Plaintiffs-Appellants/Cross-Appellees,

**vs.**

**GRACIELA DeMALDONADO,**
Defendant-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg (dismissal) and Heather L. Lauber (merits), Judges.

An employer appeals the denial of its petition for judicial review of the agency decision to order alternate medical care and challenges the cross-appeal as untimely. The employee cross-appeals the denial of her motion to dismiss the petition for judicial review. **AFFIRMED ON APPEAL AND CROSS-APPEAL.**

Laura Ostrander of Accident Fund Holdings, Inc., Lansing, Michigan, for appellants.

Gary Nelson and Casey Steadman of Rush & Nicholson P.L.C., Cedar Rapids, for appellee.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

A school district appeals the district court's denial of its petition for judicial review of an agency decision that authorized alternate care for an employee injured on the job. The employee cross-appeals arguing the petition for judicial review should have been dismissed as untimely. Like the district court, we find the employer timely challenged the agency decision. But also like the district court, we find that the school district should have authorized the alternate care.

## I. Facts and Prior Proceedings

Graciela DeMaldonado worked as a custodian for the Waterloo Community School District. In 2017, she fell at work and injured her back, hips, legs, and knees. She asserts she also developed anxiety, depression, and chronic pain.

After several years of treatment, she petitioned the Iowa Workers' Compensation Commission for alternate care. She was dissatisfied with the care provided because the school district refused to authorize pain management, referred her to providers unsuited to treating her condition, "lie[d] about authorization," and interfered with the care she sought from her own selected providers. She sought referral to pain management services with Dr. Stanley Mathew "or another pain management specialist." Finally, she asked the agency to find that the school district's "offered care is not suitable treatment" and that it "abandoned care for ongoing interference."

In a September 2021 ruling, the deputy commissioner granted her petition in part and denied it in part. On the one hand, that ruling found the offered care was not reasonable treatment for DeMaldonado's condition and ordered the school district to authorize pain management with Dr. Mathew. On the other hand, the

ruling found insufficient proof that the school district abandoned DeMaldonado's care. Still, it cautioned the school district that "reasonable care includes care necessary to diagnose the condition" and not to "interfere with the medical judgment of its own treating physician."

The school district petitioned for judicial review. The district court affirmed the agency. The school district appeals; DeMaldonado cross-appeals.

## II. Scope and Standard of Review

The district court may grant relief to a petitioner seeking judicial review of an agency action only when the agency action (1) prejudiced the petitioner's substantial rights and (2) falls within one of the criteria set forth in Iowa Code section 17A.19(10) (2020). *See Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 256 (Iowa 2012). "[T]he commissioner as the fact finder has the responsibility for determining credibility of the witnesses, and we are bound by the commissioner's findings if supported by substantial evidence." *Sherman v. Pella Corp.*, 576 N.W.2d 312, 320 (Iowa 1998). "Ultimately, the question is not whether the evidence might support a different finding, but whether the evidence supports the findings actually made." *Id.* If we reach the same conclusions as the district court, we affirm; if not, we reverse or modify. *See id.* Our standard of review therefore depends on the issues raised on appeal. *See Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010).

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022) (citation omitted).

**III. Analysis**

The most logical way to proceed is to first address DeMaldonado's cross-appeal from the denial of her motion to dismiss the judicial review petition. After that, we will review the school district's appeal of the alternate care decision.

**A. Timeliness of judicial review petition**

On cross-appeal, DeMaldonado contends the district did not timely petition for judicial review.[1] Here, we must digress for a little more background. In spring 2021, DeMaldonado applied for alternate medical care, but then voluntarily dismissed the application without prejudice (case number 5059882.*03*). DeMaldonado refiled in September (case number 5059882.*04*) and the deputy commissioner entered the alternate care order on September 23.

When the school district petitioned for judicial review, DeMaldonado moved to dismiss. In its petition, the school district cited case number 5059882.*03*. That application was dismissed without prejudice on July 19. Judicial review petitions must be filed within thirty days. Iowa Code § 17A.19(3). So, DeMaldonado argued, the judicial review petition—dated September 29—was untimely.

The district court denied the dismissal motion on December 9. It found the school district's petition for judicial review "can only be in reference to the [deputy commissioner's] [d]ecision filed on September 23, 2021, case No. 5059882.04." So it allowed the petition to proceed. DeMaldonado insists the district court should

---

[1] The school district argues that DeMaldonado "did not preserve error" on the cross-appeal. But its argument contests the timeliness of the cross-appeal, not error preservation. And the argument lacks merit. DeMaldonado timely filed her cross-appeal from the April 28, 2022 ruling on the merits. *See* Iowa R. App. 6.101(2)(b). The December 9, 2021 order was not a final appealable ruling.

have dismissed the school district's petition for judicial review as untimely appealing case number 5059882.*03*. According to DeMaldonado, "There should be limitations for how far a 'scrivener error' can be extended."

We look to the content of a filing to determine its real nature. *See Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988). True, the petition makes one reference to the wrong case number. But it also discusses the commissioner's alternate care decision in some detail. It prays for a reversal of that alternate care decision based on Dr. Mathew being an "inappropriate" authorized treating physician and "after the Claimant and Claimant's Counsel withheld medical records from this physician." Those details were not relevant to the 5059882.*03* case dismissal. The content shows the school district petitioned for judicial review of the final agency decision authorizing alternate care, not the agency decision granting a voluntary motion to dismiss an application for alternate care. We find no error in the court's decision.

### B. Alternate Care Decision

Having found the judicial review petition to be timely, we proceed to the merits of the school district's claims. We begin with the workers' compensation statute providing injured employees with a way to receive alternate medical care. Iowa Code section 85.27(4) states

> the employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care. . . . The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee. If the employee has reason to be dissatisfied with the care offered, the employee should communicate the basis of such dissatisfaction to the employer, in writing if requested, following which the employer and the employee may agree to alternate care reasonably suited to treat the injury. If the employer and employee

cannot agree on such alternate care, the commissioner may, upon application and reasonable proofs of the necessity therefor, allow and order other care.

This procedure "permits disputes over the medical care for compensable injuries to be quickly resolved in advance of a contested case hearing on a claim for workers' compensation benefits." *R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 195 (Iowa 2003). The commissioner may order alternate care if the treatment provided by the employer is not prompt or reasonably suited to treat the injury or if the treatment causes "undue inconvenience to the employee." *Id.* The employee bears the burden of proving the medical care authorized by the employer is unreasonable. *Id.* "[W]hen evidence is presented to the commissioner that the employer-authorized medical care has not been effective and that such care is 'inferior or less extensive' than other available care requested by the employee, the commissioner is justified by section 85.27 to order the alternate care." *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 437 (Iowa 1997) (internal citation omitted).

Here, the school district disputes the agency's findings and objects to the deputy commissioner's designation of Dr. Mathew to treat DeMaldonado. The agency found

> [T]he care offered by [the school district] is not reasonable. First, [the school district] ha[s] offered physical therapy. Ms. DeMaldonado has declined this offer. Ms. DeMaldonado has already attended over 120 physical therapy visits. Even Dr. Fields has concluded those visits are enough. I conclude that the physical therapy offered by the defendants is inferior to the treatment sought by the claimant. Second, [the school district] ha[s] offered an appointment with a clinical psychologist. There is no evidence in this case that any medical provider has recommended Ms. DeMaldonado see a clinical psychologist. Dr. Field recommended a neuropsychiatrist, but that is different than what [the school district] ha[s] offered. I conclude [the

school district's] offer to send Ms. DeMaldonado to Daniel Tranel, Ph.D., is not reasonable. I further conclude that [the school district's] offer is inferior to the treatment claimant is seeking.

The school district argues the record lacked substantial support for the agency's finding that a neuropsychological consult was unreasonable and inferior to the care that DeMaldonado was seeking from Dr. Mathew. The school district insists that it complied with recommendations from Dr. Jonathan Fields, DeMaldonado's treating physician.

But the agency record is not as clear as the school district contends. Dr. Fields examined DeMaldonado and determined she had "completed a full course of physical therapy with no change in symptoms." He stated, "I would not recommend any further physical therapy." Dr. Fields could not determine the cause of her ongoing back and knee pain and had no further treatment recommendations. Instead, he recommended she "be evaluated by a neuropsychologist such as Dr. [Daniel] Tranel at the University of Iowa."[2] The school district authorized that evaluation, but DeMaldonado declined to go. In his deposition, Dr. Fields also recommended referral to a neuropsychiatrist and a physiatrist who could identify other ongoing issues and non-physical sources of her pain. When asked whether a pain specialist would be appropriate, he acknowledged that a neuropsychiatrist could identify issues treatable by a pain specialist. When asked whether Dr. Tranel was qualified to treat DeMaldonado, Dr. Field reiterated that "at this point we need a referral to a neuropsychiatrist." And he repeated his belief that DeMaldonado had sufficient physical therapy.

---

[2] Dr. Tranel had a doctoral degree in clinical psychology.

Several years earlier, DeMaldonado had seen Dr. Mathew. His opinion was that her pain had neurological, not psychiatric, origin. He believed DeMaldonado would benefit from pain medication management supervised by a physiatrist and pain specialist like himself. In her alternate care application, DeMaldonado asked for authorization to begin treatment with Dr. Mathew, which the agency granted.

Substantial evidence supports the agency's conclusion that DeMaldonado has had ample physical therapy without significant improvement. She continued to experience pain in her back and legs. In her affidavit, she described an examination with Dr. Nicholas Bingham. Dr. Bingham told her she "could not be diagnosed" and offered her a course of physical therapy. She declined, explaining that past physical therapy made her feel worse. In response, Dr. Bingham withdrew his suggestion. Assuming that physical therapy was still on the table, it was not a reasonable service offer.

The school district next disputes the agency's finding that no medical provider has recommended she see a clinical psychologist. Like the district court, we agree that finding is not supported by substantial evidence. Dr. Fields did make that recommendation in a July 2021 examination report. And he did suggest Dr. Tranel. But in depositions, that recommendation changed to emphasize the need for a psychiatric evaluation first. And Dr. Fields agreed that a physiatrist could make that determination. Dr. Fields also agreed he could not explain "how Dr. Tranel does his work." The record contains no evidence that Dr. Tranel is qualified to evaluate or treat DeMaldonado. Instead, DeMaldonado requested treatment by Dr. Mathew, who has already seen her, and determined that her pain is neurological and that she could benefit from pain medication and management.

Substantial evidence supports the agency conclusions that physical therapy and a clinical psychology evaluation with Dr. Tranel are not reasonable offers of further treatment under the circumstances and treatment with a pain specialist is the superior treatment option.

We turn now to the authorization of Dr. Mathew as DeMaldonado's physiatrist and pain specialist. The school district claims it was inappropriate for the agency to approve Dr. Mathew because he was willing to "issue multiple check-the-box opinions" drafted by DeMaldonado's counsel even though counsel withheld documents about their client's lifting restrictions in an earlier case. The school district believes that history should disqualify Dr. Mathew as an expert and treatment provider in this case.

The district court found no merit in these accusations. Nor do we. At the hearing on alternative care, the school district mentioned document withholding. DeMaldonado's counsel explained that during an earlier proceeding, they discovered medical records dating from 2001 and promptly provided those records to Dr. Mathew. Because no other evidence speaks to this situation, it does not disqualify Dr. Mathew as an expert in DeMaldonado's case or from treating her.

According to Dr. Fields, a physiatrist and pain specialist would provide appropriate evaluation and treatment for DeMaldonado. Thus, the agency properly determined that Dr. Mathew was a suitable alternate care option considering DeMaldonado's needs.

**AFFIRMED ON APPEAL AND CROSS-APPEAL**.